UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC JOSEPH HLADEK, SR.,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>Defendant. | Case No.  1:22-cv-01180-JLT-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART, GRANT DEFENDANT'S MOTION TO REMAND, AND REMAND CASE TO THE COMMISSIONER OF SOCIAL SECURITY[2]<br><br>(Doc. No.  14, 19) |

Marc Joseph Hladek, Sr. ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability insurance benefits under the Social Security Act.  (Doc. No. 1).  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument.  (Doc. Nos. 14, 19-20).  For the reasons stated, the undersigned RECOMMENDS granting Plaintiff's motion for summary judgment in part, granting the Commissioner's motion to remand, and remanding for further administrative proceedings.

---

[1] The Court has substituted Martin O'Malley, who has been appointed the Acting Commissioner of Social Security, as the defendant in this suit.  *See* Fed. R. Civ. P. 25(d).

[2] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(15) (E.D. Cal. 2022).

# I.  JURISDICTION

Plaintiff filed for disability insurance benefits on February 25, 2014, alleging a disability onset date of February 21, 2014.  (AR 169).  Benefits were denied initially (AR 116-23, 138-41), and upon reconsideration (AR 125-37, 145-50).  A hearing was conducted before an Administrative Law Judge ("ALJ") on December 14, 2016, and another hearing was conducted on November 7, 2017.  (AR 33-114).  Plaintiff was represented by counsel and testified at the hearings.  (*Id*.).  On December 20, 2017, the ALJ issued an unfavorable decision (AR 12-32), and on July 31, 2018, the Appeals Council denied review.  (AR 1-6).

On August 21, 2019, the United States District Court for the Eastern District of California granted Defendant's motion to remand the case for further proceedings.[3]  (AR 1570-77).  On April 23, 2020, the Appeals Council vacated the ALJ's finding and remanded for further administrative proceedings including the opportunity for a hearing.  (AR 1578-84).  On May 12, 2021, Plaintiff appeared for an additional telephonic hearing before the ALJ.  (AR 1495-1533).  Plaintiff was represented by counsel and testified at the hearing.  (*Id*.).  On August 31, 2021, the ALJ issued an unfavorable decision.  (AR 1462-94).  The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

# II.  BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner.  Only the most pertinent facts are summarized here.

---

[3] Plaintiff notes that in Defendant's previously filed motion to remand the case for further proceedings, the Commissioner "'request[ed] that the Clerk of Court be directed to enter a final judgment in favor of Plaintiff, and against Defendant, reversing Commissioner's final decision.' It is unclear why, four years ago, Defendant considered remand for benefits appropriate but now maintains that the record requires further development." (Doc. No. 20 at n.2 (citing AR 1577)).  Plaintiff's argument is misplaced.  The Commissioner explicitly requested the matter be remanded to the agency for further administrative proceedings under 42 U.S.C. § 405(g).  (AR 1577).  "A sentence four remand has thus been characterized as essentially a determination that the agency erred in some respect in reaching a decision to deny benefits.  A sentence four remand becomes a final judgment, for the purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal.  A plaintiff who obtains a sentence four remand is considered a prevailing party for the purposes of attorneys' fees.  This is so even when the case is remanded for further administrative action." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (internal citations omitted).

Plaintiff was 38 years old at the time of the 2021 hearing. (*See* AR 1497). He completed three years of college. (AR 269). Plaintiff has past relevant work as a baker, deli slicer, and assistant manager. (AR 1502, 1527). He testified that he was living in a hotel at the time of the 2021 hearing, but previously lived in a house with his wife and three sons. (AR 1509). Plaintiff testified that he had lumbar back pain that radiates down one and/or both legs, and he has difficulty walking. (AR 1510-11). He reported headaches every day, and migraines several times a week, that date back to 2014. (1513-14). He had neck pain that radiates down both arms and makes his fingers tingle. (AR 1515-16). Plaintiff reported that he has had three hernia surgeries, a neuroplasty on the lateral femoral nerve on the right leg, and back surgery in January 2017. (AR 1518-20).

### III.   STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556

U.S. 396, 409-10 (2009).

## IV. SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the

1   enumerated impairments, the Commissioner must pause to assess the claimant's "residual
2   functional capacity." Residual functional capacity (RFC), defined generally as the claimant's
3   ability to perform physical and mental work activities on a sustained basis despite his or her
4   limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the
5   analysis.

6       At step four, the Commissioner considers whether, in view of the claimant's RFC, the
7   claimant is capable of performing work that he or she has performed in the past (past relevant
8   work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant
9   work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If
10  the claimant is incapable of performing such work, the analysis proceeds to step five.

11      At step five, the Commissioner considers whether, in view of the claimant's RFC, the
12  claimant is capable of performing other work in the national economy. 20 C.F.R. §
13  404.1520(a)(4)(v). In making this determination, the Commissioner must also consider
14  vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §
15  404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must
16  find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable
17  of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is
18  therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

19      The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*,
20  180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the
21  Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such
22  work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2);
23  *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### V.    ALJ'S FINDINGS

25      At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity
26  since February 21, 2014, the alleged onset date. (AR 1468). At step two, the ALJ found that
27  Plaintiff has the following severe impairments: degenerative disc disease, post-discectomy and
28  fusion; obesity; and mild, non-length dependent small fiber neuropathy. (AR 1468). At step

three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals the severity of a listed impairment. (AR 1469). The ALJ then found that Plaintiff has the RFC to

> lift and/or carry 20 pounds occasionally and 10 pounds frequently. He could sit about 6 hours in an 8-hour workday with normal breaks. He could stand and/or walk about 6 hours in an 8-hour workday with normal breaks. This capacity most closely approximates light work as defined in 20 CFR 404.1567(b) except he could occasionally climb ladders, ropes, or scaffolds and occasionally climb ramps or stairs. He could frequently balance. He could occasionally stoop, kneel, crouch, and crawl. He could occasionally reach overhead. He must never work at unprotected heights or around fast moving machinery. He is limited to simple, repetitive tasks due to side effects of medications.

(AR 1470). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (AR 1482). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, including: packager, assembler, and inspector/caps, cans. (AR 1483-84). On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from February 21, 2014, the alleged onset date, through December 31, 2019, the date last insured. (AR 1484).

## V.    ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act. (Doc. No. 1). Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered the medical opinion evidence;[4]
2. Whether the ALJ failed to account for Plaintiff's occipital neuralgia, hernias, and gastrointestinal issues when formulating the RFC; and
3. Whether the ALJ properly considered Plaintiff's symptom claims.

(Doc. No. 14 at 23-40).

---

[4] For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. Since the revised regulations were not effective at the time Plaintiff filed his claim, they do not apply in this case.

In response, Defendant filed a motion to remand conceding that the ALJ erred in his analysis of the testifying medical expert's opinion, but arguing remand is warranted for additional medical expert testimony. (Doc. No. 19 at 6). Because Defendant agrees that remand is appropriate, the only issue before the Court is whether to remand for further proceedings or reverse and remand for award of benefits.

## VI.     DISCUSSION

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. Courts have credited evidence and remanded for an award of benefits where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) the record has been fully developed and there are no outstanding issues that must be resolved before a disability determination can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100-02 (9th Cir. 2014); *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017); *Garrison*, 759 F.3d at 1020 (citations omitted).

However, even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021; *Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2017) (it is only "rare circumstances that result in a direct award of benefits" and "only when the record clearly contradicted an ALJ's conclusory findings and no substantial evidence within the record supported the reasons provided by the ALJ for denial of benefits."). Thus, where there are

1 outstanding issues that must be resolved before a determination can be made, and it is not clear
2 from the record that the ALJ would be required to find a claimant disabled if all the evidence
3 were properly evaluated, remand for further proceedings is appropriate. *See Benecke v. Barnhart*,
4 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Here, Defendant concedes that the first requirement of the *Treichler* test has been satisfied. (Doc. No. 19 at 6). At the hearing, medical expert Dr. Arthur Lorber testified that he reviewed a portion of the medical record, but did not have access to any records dated after 2015. (AR 55, 59). Dr. Lorber nonetheless testified, based on the records he was able to review, that Plaintiff's impairments do not meet any applicable Listing at step three; and Dr. Lorber opined that Plaintiff may lift up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk for at least six hours per day, sit for a total of eight hours per day, does not require any additional breaks, reach overhead frequently but not constantly, has no other manipulative restrictions, should avoid exposure to concentrated vibration, and should not climb ladders, scaffolds, or ropes. (AR 66-68). Dr. Lorber also specifically testified that he "totally reject[ed] Dr. Rotana Tek's opinion regarding the residual functional capacity, because it's not at all supported by the evidence record. [Dr. Tek] further opined that the Claimant could not use his right hand for anything, and could only occasionally use his left hand. Dr. Tek has no – provided no evidence to support such severe restrictions." (AR 66). Plaintiff's counsel then asked Dr. Lorber whether his opinion might be impacted if he was able to review additional evidence regarding a neuroplasty procedure performed in 2016. (AR 69-74). After asking Plaintiff multiple questions directly, the medical expert testified as follows:

> ME: Okay. Your honor, I think we have a situation here where there is a good deal of data that I cannot properly evaluate by questioning the Claimant.
>
> ALJ: I agree, sir. We're going to – well, I'm going to allow the Claimant's counsel to try and obtain additional records, which should be possible, since they should have already been in the record, since this is a surgery that was performed months ago. But we will get those records out to you, if they become available to us, with additional interrogatories, hopefully, to avoid a subsequent hearing. But I do – I don't know [that] asking Mr. Hladek additional questions is going to get us anywhere, as I think – based on my utter lack of medical knowledge, that is – the details are probably more extremely

|   |   |
|---|---|
| 1 | important at this point. |
| 2 | ME: That is correct, sir. I believe we have insufficient information to make a proper judgment because of lack of recent records, the past year and a half. |

(AR 74-75). The ALJ gave Plaintiff's counsel time to submit the outstanding medical records, and indicated he would send them to Dr. Lorber for his review "by interrogatories." (AR 112). However, as conceded by Defendant, the record does not show that interrogatories were sent to Dr. Lorber. (Doc. No. 19 at 4). "Then, in his decision, the ALJ gave 'much weight' to Dr. Lorber's opinion for light work with additional postural and environmental limitations, without acknowledging his later testimony qualifying the accuracy of this assessment because he had not been able to review the complete record. Accordingly, the ALJ erred in his analysis of Dr. Lorber's opinion, and remand is warranted for additional medical expert testimony." (Doc. No. 19 at 6).

As to the second requirement under *Treichler*, Plaintiff argues the record is fully developed as it contains a significant amount of treatment notes, Plaintiff's testimony from three administrative hearings, Plaintiff's function report, opinions from two treating physicians, and vocational expert testimony addressing whether a person with Plaintiff's "stated limitations" would be able to sustain employment." (Doc. No. 20 at 4). Defendant argues that outstanding issues still remain. (Doc. No. 19 at 7). The Court agrees.

The ALJ accorded Dr. Lorber's opinion "much weight" based in part on his review of the available evidence and found that the assessed RFC was supported by the state agency reviewing physicians, the opinion of consultative orthopedist Dr. Theodore Georgis Jr., and the opinion of Dr. Lorber. (AR 1482). In addition, the ALJ explicitly rejected the conflicting opinion of Dr. Tek, a treating physician, in part because it was contradicted by Dr. Lorber "who had [the] opportunity to review all the available records." (AR 1480-81). Dr. Tek opined that Plaintiff significantly more limited than Dr. Lorber, including limitations to siting less than 1 hour in an 8-hour workday, standing and/or walk less than 1 hour in an 8-hour workday, lifting and carrying only up to 10 pounds, missing 3 or more days of work per month and requiring frequent unscheduled breaks for an undetermined period of time, marked manipulative limitations on the

1   right, and somewhat moderate limitations on the left except for occasional overhead reaching.
2   (AR 845-49). Dr. Lorber additionally testified that Plaintiff's impairments did not meet any
3   Listing at step three, and offered testimony that Plaintiff was treated for occipital neuralgia and
4   diverticulitis (AR 64-65), two impairments Plaintiff argues in his opening brief were not properly
5   accounted for at step two and in the RFC. (Doc. No. 14 at 31-36).
6       Here, the ALJ erred in considering Dr. Lorber's opinion and then explicitly relied on his
7   opinion when considering the weight accorded to other medical opinions and assessing the RFC,
8   which at the very least calls into question whether the RFC and findings at step five are supported
9   by substantial evidence. *See Treichler*, 775 F.3d at 1101. The ALJ's failure to secure an updated
10  opinion from Dr. Lorber, or another medical expert, based on updated medical records is an
11  actual outstanding issue that must be resolved before a determination of disability can be made.
12  Thus, the Court finds the second prong of the credit-as-true rule is not satisfied and this issue
13  must be resolved on remand. See *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("the
14  district court must 'assess whether there are outstanding issues requiring resolution *before*
15  considering whether to hold that the claimant's testimony is credible as a matter of law.' If such
16  outstanding issues do exist, the district court cannot deem the erroneously disregarded testimony
17  to be true; rather the court must remand for further proceedings."); *Lewin v. Schweiker*, 654 F.2d
18  631, 635 (9th Cir. 1981) ("If additional proceedings can remedy defects in the original
19  administrative proceedings, a social security case should be remanded.").
20      In his opening brief, Plaintiff further asserts errors in the ALJ's rejection of Dr. Tek and
21  Dr. Kim's opinions, and improper assignment of weight to the conflicting opinions of Dr. Georgis
22  and the non-examining state agency consultants. (Doc. No. 14 at 23-31). Plaintiff also argues the
23  ALJ failed to account for Plaintiff's occipital neuralgia, hernias, and gastrointestinal issues when
24  formulating the RFC; and the ALJ improperly assessed Plaintiff's subjective complaints. (Id. at
25  31-39). Defendant concedes remand is necessary to properly evaluate the medical opinion
26  evidence, including the medical expert opinion, and denies Plaintiff's arguments not specifically
27  addressed but avers that Plaintiff will be afforded a de novo opportunity to present his case on
28  remand. (Doc. No. 19 at 8). As discussed *supra*, analysis of the conflicting medical opinion

10

evidence, Plaintiff's claimed impairments of occipital neuralgia and gastrointestinal issues, and Plaintiff's symptom claims, are dependent on the ALJ's reevaluation of the Dr. Lorber's medical expert opinion, it is unnecessary for the Court to address these challenges here.

On reply, Plaintiff additionally argues this case should be remanded for immediate award of benefits because Plaintiff filed his claim "nearly a decade ago" and his family has suffered financial hardship. (Doc. No. 20 at 7-8). The Court is sympathetic to further delay in resolution of Plaintiff's disability status; however, this alone cannot provide a basis to award benefits. *See Treichler*, 775 F.3d at 1106. Where, as here, there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand for further proceedings is appropriate. *See Benecke*, 379 F.3d at 595-96. On remand, as noted by Defendant, the ALJ should take additional medical expert testimony from Dr. Lorber, or another medical expert if Dr. Lorber is not available, and order additional consultative examination if necessary. The ALJ should reconsider the medical opinion evidence, and provide legally sufficient reasons for evaluating the opinions, supported by substantial evidence. The ALJ should offer Plaintiff a new hearing, conduct a new sequential analysis, and, if necessary, reassess Plaintiff's RFC and take additional testimony from a vocational expert to include all the limitations credited by the ALJ.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 14) be GRANTED IN PART.
2. Defendant's Cross Motion for Summary Judgment (Doc. No. 19) be GRANTED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSE the Commissioner's decision and REMAND this case back to the Commissioner of Social Security for further proceedings consistent with this Order.
4. The district court direct the Clerk to enter judgment in favor of the Plaintiff, terminate any pending motions/deadlines, and close this case.

////

////

11

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   January 12, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE